IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY MILES,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE #'s 1-14, BOBBY CRESPI, and DAVID MITCHELL,<br><br>    Defendants. | Case No. 24-cv-1062-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while at Pinckneyville Correctional Center from January 2022 to April 2022. Specifically, Miles alleges that the defendants failed to properly keep Inmate Maurice Stevenson separate from Miles after he made complaints about his fellow inmate.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

Upon reviewing the Complaint, however, the Court has detected a more pressing issue—Miles's eligibility for *in forma pauperis* status in light of his litigation history.

According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Miles is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 1), Miles failed to disclose that he has filed any other cases in this District (or in any federal court), nor did he disclose that he had accrued strikes.[1] Court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

The Court's standard civil rights template solicits information about an inmate's litigation history. Miles indicated he had no litigation history to report, but at the time he filed this complaint, he had filed 13 previous cases in this District. The cases are: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("Miles 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("Miles 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("Miles 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("Miles 4"), *Miles v. Mitchell, et al.*, Case

---

[1] Miles affirmatively checked a box that indicated he had not begun any other lawsuits in federal court while in prison. (Doc. 1 at 3). He also did not disclose any prior strikes. Miles is **WARNED** that failure to clearly disclose each of his strikes in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

No. 23-cv-2366-NJR ("Miles 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("Miles 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("Miles 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("Miles 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("Miles 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("Miles 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("Miles 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("Miles 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("Miles 13").

On the day that this Court received the present Complaint for filing (Doc. 1), Miles had accrued strikes in Miles 1 (23-cv-3562), Miles 2 (23-cv-3563), Miles 3 (23-cv-3564), Miles 6 (23-cv-3567), Miles 10 (23-cv-3571), and Miles 12 (23-cv-3579).

Against this backdrop, it appears that Miles both failed to adequately disclose his litigation history, and he may have already accrued three strikes by the time he transmitted the current Complaint to the Court via e-filing. The failure to disclose litigation history is serious, and courts have authority to impose sanctions if an inmate intentionally fails to disclose litigation history. *See e.g., Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (having found fraud in an inmate's disclosure of litigation history, courts may impose sanctions such as dismissal with prejudice). Additionally, if an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee of $405. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement which Miles has not met on the facts presented.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of

3

past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Here, Miles describes events that occurred at a different prison in 2022, so it is not apparent that there is any imminent danger associated with these allegations to satisfy the exception to proceed without paying a fee.

Given Miles's litigation history that he did not disclose, and the six strikes that he has accrued in other civil cases in the last month, the Court now finds it appropriate to require Miles to show cause as to why he believes he should be allowed to proceed in this case without paying the $405 filing fee. Miles must explain why he did not list his past lawsuits *and* why he did not list the strikes he has been assessed. Miles should address both issues by filing a short, written response of five pages or less. If Miles fails to demonstrate cause for the inaccuracies or misrepresentations in his Complaint, he will be required to pay the $405, or his case will be dismissed.

Based on the foregoing analysis, the Court will defer any ruling on Miles's other pending Motions for Recruited Counsel and *In Forma Pauperis* Status (Docs. 2, 3) until it receives Miles's written response, and it also will not screen Miles's Complaint under 28 U.S.C. § 1915A.

Accordingly, Miles is **DIRECTED** to file a short response (five pages or less) by **March 25, 2024**, explaining the inaccuracies in his Complaint. If Miles does not respond, he will be assessed a $405 filing fee. If he does not pay the fee, this case will be dismissed, but he will still be required to pay $405.

**IT IS SO ORDERED.**

DATED:  April 25, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**